1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>STEVEN DEVON MCCAIN,<br><br>                                        Defendant. | CASE NO. 06cr1535 JM<br><br>ORDER DENYING MOTION FOR<br>REDUCTION OF SENTENCE<br>(Ct. Dkt. No. 45) |

Defendant Steven Devon McCain brings this motion pursuant to 28 U.S.C. §2241 to reduce the sentence imposed by this court on February 19, 2010.  Defendant does not challenge the imposition of the original sentence but contends that a recent modification to USSG §4A1.1(e) warrants resentencing.  (Ct. Dkt. No 45).  For the reasons set forth below, the motion to reduce Defendant's sentence is denied.

The court may not modify a term of imprisonment once it has been imposed except that -

> (2) in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

28 U.S.C. §3582(c)(2).  In applying section 3582(c)(2), a district court must: (1) first determine that a reduction is consistent with the policy statements of U.S. Sentencing Guidelines ("USSG") § 1B 1.10; and (2) then consider applicable 18 U.S.C. § 3553(a) factors and determine whether, in its

1   discretion, the authorized reduction is warranted, either in whole or in part, according the

2   circumstances of the case. <u>Dillon v. United States</u>, --- U.S. ----, ----, 130 S.Ct. 2683, 2691, 177

3   L.Ed.2d 271 (2010) (interpreting section 3582(c)(2)). Because modification of an imposed prison term

4   does not implicate the Sixth Amendment and is not otherwise constitutionally mandated, proceedings

5   under section 3582(c)(2) do not trigger application of <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct.

6   738, 160 L.Ed.2d 621 (2005); <u>Dillon</u>, 130 S.Ct. at 2692-2693.  As explained in <u>Dillon</u>,

7   > We are aware of no constitutional requirement of retroactivity that entitles defendants
8   > sentenced to a term of imprisonment to the benefit of subsequent Guidelines
    > amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to
9   > give prisoners the benefit of later enacted adjustments to the judgments reflected in the
    > Guidelines.

10  <u>Id.</u>

11          With these standards in mind, the court denies the motion on several grounds.  First, there is

12  no showing that the modified guideline, U.S.S.G. §4A1.1(e),[1] applies retroactively.   Second,

13  Defendant cannot demonstrate any prejudice because application of amended guideline §4A1.1 results

14  in the same Criminal History Category and therefore the same custodial sentence range.  In arriving

15  at a total criminal history score of nine and a Criminal History Category of IV, the court considered

16  the following: six points based upon Defendant's criminal convictions, two points for committing the

17  instant offense while on probation (pursuant to §4A1.1(d)), and one point pursuant to §4A1.1(e).

18  (PSR; TR 4:8-25).  Under amended §4A1.1(e) the court would not have included the one additional

19  point (for committing an offense less than two years after release from imprisonment).  Under the

20  amended guidelines, Defendant's total criminal history score therefore would be eight.  As a criminal

21  history score of eight established a criminal History Category IV (USSG Ch. 5, Pt. A), Defendant

22  cannot demonstrate any prejudice because he would have received the same custodial sentence under

23  either version of §4A1.1.

24          In sum, the court denies Defendant's motion brought pursuant to 28 U.S.C. §2241.  (Ct. Dkt.

25

26          [1] The modified guideline provides, in calculating the Criminal History Category, that "one
27  point (shall be added) for each prior sentence resulting from a conviction of a crime of violence that
    did not receive any points under (a), (b), or (c)."  USSG § 4A1.1(e).  The prior version provided for
    the addition of two points if the crime occurred less than two years after release from imprisonment.
28  However, if two points were added in compliance with §4A1.1(d) then only one point is added under
    §4A1.1(e).

06cr1535

45).  As an administrative matter, the Clerk of Court is also instructed to deny the earlier filed motion brought pursuant to 28 U.S.C. §1441, and erroneously docketed as a Motion to Vacate under 28 U.S.C. §2255, as moot.  (Ct. Dkt. 45).

**IT IS SO ORDERED.**

DATED:  May 4, 2011

Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

- 3 -

06cr1535